UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ROBERT WASHINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV420-194 |
| | ) |
| CHRISTINE BARKER and | ) |
| MELANIE HIGGINS, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Proceeding *pro se* and *in forma pauperis*, plaintiff Robert Washington brought this Complaint alleging false imprisonment and "professionally act's [sic] of kidnapping." Doc. 1 at 4. This case was initially filed in the Northern District of Georgia. Prior to transfer to this district, the Northern District directed plaintiff to either remit the required filing fee or move to proceed *in forma pauperis* (IFP). Doc. 3 at 3. Plaintiff filed a motion to proceed IFP but the motion was never formally granted. Nevertheless, the court proceeded to consider the Complaint. *See* doc. 6. Therefore, to avoid any confusion, as the Court is satisfied of plaintiff's indigency and all necessary information has been

provided, the motion to proceed IFP is **GRANTED**.  Doc. 5.  The Court now screens the Complaint pursuant to 28 U.S.C. §1915A.[1]

Plaintiff brought this complaint against Georgia Attorney General Chris Carr, Commissioner of the Georgia Department of Corrections Timothy Ward, and former Chatham County Assistant District Attorneys Christine Barker and Melanie Higgins.  *See* doc. 1.  Plaintiff appears to have dropped Ward as a defendant in his amended complaint.  *See* doc. 4.  The Northern District of Georgia dismissed Carr from the case prior to its transfer.  Doc 19, *adopting* doc. 6.  As such, the only remaining defendants in this action are Barker and Higgins.

The complaint and amended complaint are inscrutable, leaving the Court at a loss for what specific claims plaintiff seeks to pursue.  To the

---

[1] The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, sets forth procedures governing the filing of complaints in federal court by prisoners and other detainees.  In cases seeking redress from a government entity or its officials, the PLRA requires a preliminary screening in order to "identify cognizable complaints" and to dismiss, prior to service, any complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A.

The Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001).  In doing so, allegations in plaintiff's Complaint are taken as true and construed in the light most favorable to him.  *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011).  Conclusory allegations alone, however, are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

extent that it can decipher the facts presented, the Court understands plaintiff to allege that during his criminal prosecution Barker provided misleading or false testimony and evidence to establish that he was a repeat offender, which resulted in either the enhancement of his sentence or his ultimate conviction. Doc. 4 at 7–9. She also failed to respond to a motion for clarification.[2] *Id*. at 8–9. Plaintiff alleges that Higgins, aware of this misrepresentation, failed to intervene. *Id*. at 10–11.

The relief that plaintiff seeks—convening a trial by jury to consider elements of his alleged crime, an order for production of records, and dismissal of his criminal action via *nolle prosequi*—are not remedies available under 42 U.S.C. § 1983. To the extent that they might be available to plaintiff, the proper vehicle would be a habeas action under 42 U.S.C. § 2254. Plaintiff, however, chose to file his complaint on the form designated for § 1983 claims. Doc. 1 at 1. He expressly stated that it was not a state habeas action, though did not address the potential for federal habeas relief. *See*. Doc. 4 at 12. By declining to object to the Northern District's prior construction of the complaint as a civil rights action (*i.e.* a

---

[2] It is not clear from the record whether plaintiff properly filed a motion before the Court in his criminal case seeking action by the government or state court or if he made a request for information outside of the formal strictures of the court's docket.

claim under § 1983), *see* doc 8 (confirming that plaintiff did not object to the Court's Report and Recommendation, doc. 6, considering the complaint under § 1983), he tacitly, if not implicitly, consented to its construction as a § 1983 claim.  Therefore, the Court will not reconstrue this complaint as a habeas petition.  Should plaintiff wish to seek habeas relief, he may file a separate action.[3]

There are multiple defects in plaintiff's § 1983 claim, including, most obviously and fatally to his claim, the immunity of the defendants.  State prosecutors, such as district attorneys, are absolutely immune from § 1983 liability where the alleged malfeasance stemmed entirely from their prosecutorial work.  *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("[P]rosecutors enjoy absolute immunity for the initiation and pursuit of criminal prosecution[,] . . . malicious prosecution[,] . . . appearances before the court, such as examining a witness and presenting evidence in support of a search warrant during a probable cause hearing[,] . . . . allegations stemming from the prosecutor's function as advocate[, and] acts undertaken . . . in preparing for the initiation of judicial proceedings or for

---

[3] As plaintiff has previously pursued a *habeas* action, any new § 2254 petition might be dead on arrival as successive.

trial, and which occur in the course of his role as an advocate for the State." (internal quotations and citations omitted)). To the extent that this claim seeks to recover for allegedly tortious conduct in the context of a state criminal case, therefore, defendants are immune.

In the event that the alleged acts fall outside of the normal prosecutorial function and would not be entitled to immunity, they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then a § 1983 claim must be dismissed unless the plaintiff can show his conviction has already been invalidated. *Id*. at 487. Plaintiff alleges that the challenged acts of defendants resulted in the enhancement of his sentence. Doc. 4 at 12. As he has not attested to his sentence having been overturned or corrected, he is *Heck*-barred from pursuing a collateral attack through § 1983.

It also appears that the claims would be time-barred. Though plaintiff frames the alleged offenses as ongoing, *see* doc. 1 at 4, all relevant actions occurred in conjunction with his state criminal prosecution and trial. At no point in the pleadings is the date of plaintiff's trial expressly stated, but it is implied to have occurred around September 2009. *See* doc.

4 at 8 (alleging first degree perjury dating from September 17, 2009); 9 (alleging that no weapons offense occurred during 1992 and September 17, 2009). The statute of limitations for § 1983 claims "is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (internal citation omitted). Under Georgia law, the statute of limitations for such claims is two years. O.C.G.A. § 9-3-33; *see Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). Any claims derived from events that occurred during a 2009 prosecution and trial would be time-barred.

Given the defects discussed above, plaintiff has failed to state a viable claim under 42 U.S.C. § 1983. Therefore, the Court **RECOMMENDS** that the remaining claims be **DISMISSED**.

It is now time for plaintiff to pay his filing fee. Since his PLRA paperwork reflects an average monthly balance of $0 and average monthly deposits of $0, doc. 5 at 3, nothing is owed at this time. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until

the balance of the Court's $350.00 filing fee has been paid in full. In the event that plaintiff is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to his new custodian. The balance due from plaintiff shall be collected by the custodian at all future facilities in accordance with the terms of this Order. A copy of this Order and of the Consent to Collection of Fees form Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 11th day of September, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA